**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAQUAN PRIDGEN<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>Defendant. | No. 25cv7589 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court by way of Plaintiff Shaquan Pridgen's Motion for a Protective Order, D.E. 11 ("Motion" or "Mot."). Amazon opposed Pridgen's Motion, D.E. 20 ("Opp'n") and Pridgen replied, D.E. 24 ("Reply"). Pridgen also further filed an "Emergency Notice of Retaliatory Leave Extension and Imminent Harm" in apparent further support of his Motion. D.E. 25 ("Emergency Notice"). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **DENY** Pridgen's Motion.

**I.    BACKGROUND**[1]

Pridgen began working for Amazon in 2017. *See* D.E. 1 ("Compl.") at 3, 5. Pridgen took medical leave in August 2024 after experiencing a "mental health collapse." *Id.* at 4. Pridgen returned to work at Amazon in January 2025 but was placed back on medical leave in February

---

[1] Pridgen proceeds *pro se* and the Court therefore construes his filings liberally. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013). Here, the Court references Pridgen's Complaint, D.E. 1, for context because Pridgen does not provide any meaningful context in his three-page Motion.

2025. *Id.* at 4–5. Pridgen alleges that because Amazon misclassified his second leave, he has been subject to errors concerning his payroll and benefits eligibility. *Id.* at 5.

Pridgen brings four counts. He alleges that Amazon retaliated against him for engaging in protected activity under 42 U.S.C. § 12203 ("Count I"); Amazon failed to provide him with reasonable accommodations in violation of 42 U.S.C. § 12112(b)(5)(A) ("Count II"); Amazon subjected him to a hostile work environment in violation of 42 U.S.C § 12112(a) ("Count III"); and Amazon discriminated against Pridgen because of his disability status in violation of 42 U.S.C. §12112(b)(3) ("Count IV"). Compl. 5–8.

## II.   CONSTRUCTION OF PRIDGEN'S MOTION

Pridgen filed his Motion as a "Motion for a Protective Order" pursuant to Federal Rule of Civil Procedure 26(c). Rule 26 sets forth general provisions that govern discovery in federal cases. Fed. R. Civ. P. 26 ("Duty to Disclose; General Provisions Governing Discovery"). Rule 26(c) governs "court orders over information exchanged during discovery," *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 n.1 (3d Cir. 1994), and seeks to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c). There has been no discovery in this case. *See* Dkt. Thus, there is no discovery that may cause any party or person "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Therefore, to the extent Pridgen moves for a protective order, his motion is procedurally improper and will be **DENIED**.

As noted above, Pridgen proceeds *pro se* and courts must liberally construe a *pro se* plaintiff's pleadings and submissions. *See supra* n.1; *see also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent

forfeiture of important rights because of their lack of legal training." (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). Here, Pridgen's appears to seek an injunction preventing Amazon from effectuating any "adverse action or change in working conditions" on Pridgen. Mot. at 2–3. Accordingly, the Court construes Pridgen's Motion as one for a preliminary injunction.

### III.   LEGAL STANDARD

A preliminary injunction is "'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). Such extraordinary relief should be granted only if a party shows:

> (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.

*Id.* (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). Although the first two factors are particularly critical, *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), a party's "failure to establish any element in its favor renders a preliminary injunction inappropriate," *Conestoga Wood Specialties Corp. v. Secretary of U.S. Department of Health and Human Services*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013).

### IV.   ANALYSIS

In his Motion, Pridgen complains that while he is planning to return to work at Amazon, he plans to only because of extreme financial hardship and avers that his return is not voluntary. Mot. at 1. Pridgen fears continued retaliation, including manipulation of his schedule, selective disciplinary action, attempts to secure his resignation, and attempts to undermine this litigation.

3

*Id.* at 2.[2]  Pridgen requests that this Court enter an injunction barring Amazon from changing his working conditions or schedule, reassigning him, evaluating his performance, or taking any disciplinary steps against him without first disclosing so to this Court.  *Id.* at 3.  Pridgen also asks this Court to preserve his rights under the Americans with Disabilities Act and to order that Amazon document for the Court any actions that take place after Pridgen returns to work.  *Id.*

Pridgen does not demonstrate that he is entitled to a preliminary injunction.  To prevail, Pridgen must address the merits of his claims and persuade the Court that he is likely to succeed.  *Conestoga Wood*, 2013 WL 1277419, at *1.  But Pridgen does not show, let alone argue, that he is likely to succeed on the merits of his claim.  *See generally* Mot.; Reply.  Nor does Pridgen even address the hardship that may befall Amazon or whether a preliminary injunction would serve public interest.  *See generally* Mot.; Reply.  Pridgen only argues that he is concerned about returning to work.  Mot. at 2–3.  Accordingly, the Court will **DENY** Pridgen's Motion.

The Court also cautions Pridgen that his arguments concerning irreparable harm may fall short even if he addresses likelihood on the merits, the balance of hardships, and the public interest.[3]  To prevail on irreparable harm, Pridgen must show that a preliminary injunction is the *only* way of protecting him from harm.  *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)).  Pridgen's Emergency Notice, however, indicates that he may be eligible for long-term

---

[2] The Court construes this part of Pridgen's Motion as articulating his argument for irreparable harm.

[3] Given that Pridgen has not explicitly moved for a preliminary injunction, Amazon has not had the opportunity to brief the issue to the Court.  *See* Opp'n at 2 (arguing that Pridgen's motion for a protective order was premature and procedurally improper).  Accordingly, the Court refrains from deciding whether Pridgen demonstrated irreparable harm.

disability benefits that may address his financial concerns, but he has not yet applied for them. Emergency Notice at 1–2.

The Court further notes that it cannot credit speculative theories of irreparable harm. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 n.13 (3d Cir. 2000) (collecting cases). Pridgen must support his allegations of irreparable harm with evidence. *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.23d 553, 557 (3d Cir. 2009) (reversing the district court's preliminary injunction because the Third Circuit did "not see in the record before us any evidence of a non-monetary injury"). Pridgen argues, *inter alia*, that a doctor's note demonstrates Amazon's retaliatory and hostile work environment, but the doctor's note appears instead to diagnose Pridgen with major depressive disorder and situation anxiety, D.E. 24-2 at 13, and describes the conditions under which Pridgen may work, *id.* at 14–15 ("No more than 10 hour shifts" and "no more than 40 hours of work each week"). It does not demonstrate that Amazon will once again subject him to a retaliatory and hostile work environment. D.E. 24-2 at 2.

## V. CONCLUSION AND ORDER

Because Pridgen does not show he is entitled to a preliminary injunction or to a protective order, the Court will **DISMISS** Pridgen's Motion ***without prejudice***. Accordingly,

**IT IS** on this **6<u>th</u>** day of August 2025, for the foregoing reasons,

**ORDERED** that Plaintiff's Motion, D.E. 11, will be construed as a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65; and it is further

**ORDERED** that to the extent Plaintiff's Motion, D.E. 11, is a motion for a protective order pursuant to Fed. R. Civ. P. 26(c), it is procedurally improper and is **DENIED**; and it is further

**ORDERED** that Pridgen's Motion, D.E.11, is **DENIED *without prejudice***; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff.

5

                                                        Evelyn Padin, U.S.D.J.